FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONDA W.,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　　Defendant. | No. 2:20-cv-00390-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 17, 18. Attorney Dana Madsen represents Ronda W. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

filed by the parties, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on April 10, 2018, alleging disability since December 31, 2012[1], due to seizures; migraines; arthritis of the spine; osteoarthritis of the back, hands, and feet; neurosarcoidosis; fibromyalgia; prolonged QT interval; palpitations; bradycardia; and junctional rhythm. Tr. 63-64. The applications were denied initially and upon reconsideration. Tr. 145-48, 154-59. An Administrative Law Judge (ALJ) held a hearing on January 9, 2020, Tr. 35-62, and issued an unfavorable decision on January 30, 2020. Tr. 15-28. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on August 31, 2020. Tr. 1-5. The ALJ's January 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 22, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1971 and was 46 years old as of the alleged onset date. Tr. 63. She has a GED and additional training in acrylic nails and medical assisting. Tr. 40, 713. She most recently worked for a short period as a medical assistant. Tr.

---

[1] Plaintiff later amended her alleged onset date to April 10, 2018. Tr. 38.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 2

40. She has alleged disability based on a variety of physical impairments, primarily arthritis in her hands, which she alleges limits her ability to manipulate objects or use her hands for prolonged periods. Tr. 44-48.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230

(9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

//

//

## ADMINISTRATIVE FINDINGS

On January 30, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: psoriatic arthritis, osteoarthritis of both hands, lumbar and cervical degenerative disc disease, depression, anxiety, and unspecified neurocognitive disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, except:

> she can only occasionally climb ladders, ropes, and scaffolds; she can frequently perform all other postural activities; she can frequently reach overhead, handle, and finger; she can do no forceful grasping (e.g., swinging hammer, turning lug wrench); she is limited to moderate noise; she cannot have concentrated exposure to vibration, pulmonary irritants, or hazards such as unprotected heights or moving mechanical parts; she cannot operate a motor vehicle; and she is limited to simple routine tasks consistent with a reasoning level of 2 or less.

Tr. 20.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 5

To expedite proceedings, the ALJ made no step four findings regarding past relevant work. Tr. 25.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of garment sorter, cleaner housekeeping, and warehouse checker. Tr. 26. Alternatively, the ALJ found that if Plaintiff was further limited to sedentary work and would miss 8-10 days of work per year, there were other jobs she would be capable of performing, including bench hand, semiconductor bonder, and final assembler. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's symptom testimony; and (2) failing to properly consider and weigh the opinion evidence.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 6

# DISCUSSION

## 1. Plaintiff's Subjective Statements

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 17 at 16-18.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her

symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations to be inconsistent with the unremarkable objective evidence and Plaintiff's course of treatment, and were further undermined by evidence of malingering, Plaintiff presenting as evasive at times, inconsistent statements about why her last job ended, and her poor work history prior to the alleged onset date. Tr. 21-23.

Plaintiff argues the ALJ erred in finding a lack of objective support for her claims and asserts that this alone is not a sufficient basis upon which to find her allegations unreliable. ECF No. 17 at 18. Defendant argues the ALJ reasonably interpreted the record as being inconsistent with Plaintiff's testimony and offered numerous other reasons for discounting Plaintiff's allegations that are supported by substantial evidence, all of which were not meaningfully challenged by Plaintiff in her briefing. ECF No. 18 at 2-10. In her reply brief Plaintiff, for the first time, asserts that the ALJ's findings were not supported by substantial evidence with respect to Plaintiff's reduced effort, declining therapies, not following through with referrals, and not working for stretches of time prior to her alleged onset date. ECF No. 19 at 2-6.

The Court finds the ALJ did not err. An ALJ may reasonably consider the course and effectiveness of treatment. Social Security Ruling 16-3p. Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a

prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ may also consider inconsistent statements by the claimant and evidence of poor effort and limited work history. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ considered all of these factors, and Plaintiff did not offer any challenge to the ALJ's rationale in her motion for summary judgment. Therefore, she has waived the arguments. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit has explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 9

were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

While it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's interpretation of the objective records as not substantiating Plaintiff's pain complaints was reasonable and supported by the record. While Plaintiff offers an alternative interpretation of the objective evidence, her arguments do not amount to demonstrating legal error on the part of the ALJ. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ did not err.

## 2. Opinion Evidence

Plaintiff alleges the ALJ erred by basing the decision on non-persuasive opinions from non-examining, non-treating doctors, while asserting objective test results and opinions of Plaintiff's treating physicians should be found to be the most

persuasive.[2] ECF No. 17 at 18-19. Plaintiff does not specifically challenge the ALJ's assessment of any of the opinions in the record.

Simply asserting that opinions should have been found to be more or less persuasive, without specifying which opinions or addressing the ALJ's rationale, does not identify legal error. As discussed above, the Court will not consider claims that were not actually argued in Plaintiff's opening brief. The Court finds Plaintiff has waived any challenge to the ALJ's decision regarding the persuasiveness of the medical opinion evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2.  Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

//

//

//

---

[2] The Court notes that the record does not contain any medical opinions from a treating source.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 11

//

3.  The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge